IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:24-CR-236-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>BERNARD LAMONT RUTH, )<br>)<br>Defendant. ) | ORDER |

This matter is before the court on the government's motion in limine. (DE 53). The motion has been briefed fully and in this posture the issues raised are ripe for ruling. For the following reasons, the motion is granted.

## STATEMENT OF THE CASE

Indictment filed August 7, 2024, charges that, on or about September 24, 2023, "defendant, . . . knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one (1) year, knowingly possessed a firearm" in violation of 18 U.S.C. §§ 922(g)(1) and 924. (DE 1). Upon reassignment of the case to the undersigned, August 19, 2025, this court set jury trial to commence October 15, 2025. Thereafter, the court granted defendant's motion to continue trial and the court re-noticed trial to its instant setting November 12, 2025.

The government filed the instant motion September 18, 2025, seeking 1) "a pre-trial judicial finding that defendant's prior conviction is a 'crime punishable by imprisonment for a term exceeding one year,' as a matter of law," and 2) "to exclude evidence by the defendant that his firearms rights were restored." (DE 53 at 1). A day after the response deadline expired on the instant motion, defendant's counsel filed a motion to withdraw. The court set hearing on both

motions to take place October 9, 2025. At hearing, defendant chose to proceed with existing counsel, thereby mooting the motion to withdraw, and the court reopened the response deadline on the instant motion until October 20, 2025.

In response timely filed, defendant does not contest that part of the motion seeking a judicial finding that defendant's prior conviction is a crime punishable by imprisonment for a term exceeding one year, but he opposes "excluding evidence at trial by defendant that his firearms rights were restored." (DE 62).

### STATEMENT OF FACTS

For purposes of background for the instant motion in limine, the court summarizes the facts set forth in the parties' briefs.

On September 24, 2023, "Rocky Mount Police Department responded to a call around 3 a.m. about a suspicious vehicle." (Gov's Mot. (DE 53) at 2). Officers located defendant in the vehicle with an open container of alcohol. (Id.). "When officers requested the defendant to exit the car . . defendant fled through Rocky Mount at speeds in excess of 100 mph, and ultimately crashed the car into the side of a house." (Id. at 2-3).

After the crash, officers removed defendant from the car after he initially refused. (Id. at 3). "Inside the car, officers found two fully loaded firearms lying on top of the center console – a Glock semi-automatic handgun and a Taurus nine-millimeter revolver." (Id.)

Defendant has a prior federal conviction in the Eastern District of Virginia for possession of a firearm by an unlawful user of controlled substances, in violation of 18 U.S.C. § 922(g)(3), a crime punishable by imprisonment for greater than a year. (Id. at 2, Def's Resp. (DE 62) at 4). The Commonwealth of Virginia partially restored defendant's civil rights November 17, 2016. (See Gov's Mot. (DE 53) at 10). The government contends Virginia restored defendant's rights to

2

Case 5:24-cr-00236-FL    Document 64    Filed 10/28/25    Page 2 of 10

"vote, hold public office, serve on a jury, and to be a notary public" but the notice "explicitly state[d] that the right to ship, transport, possess or receive firearms, was not restored."[1] (Id.).

**COURT'S DISCUSSION**

A.  Prior Felony Conviction

Where defendant does not dispute the first part of the government's motion in limine, for good cause shown, that part of the instant motion is granted. The court hereby finds, as a matter of law, that defendant's prior felony conviction was a crime punishable by imprisonment for a term exceeding one year.

B.  Evidence of Restoration of Rights

The charging statute provides: "[i]t shall be unlawful for any person-- (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition."[2]  18 U.S.C. § 922(g). A separate statutory provision, 18 U.S.C. § 924, then adds that to be convicted, one must "knowingly" violate section 922(g). Another statutory provision provides the following limited exception to whether a such a conviction satisfies 18 U.S.C. §922(g)(1):

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

---

[1] Neither party provided the court with this notice of restoration of rights by the Commonwealth of Virginia. However, defendant does not contest the government's characterization.

[2] Throughout this order, internal citations and quotation marks are omitted from all case citations unless otherwise specified.

3

18 U.S.C. § 921(a)(20).

However, individuals convicted in federal court "can take advantage of § 921(a)(20) only if they have had their civil rights restored under federal law." Beecham v. United States, 511 U.S. 368, 374 (1994). Presently, there is no functional mechanism to restore firearm rights under federal law. Although 18 U.S.C. § 925(c) allows that a person prohibited by federal law from possessing firearms may petition the United States Attorney General for relief from that prohibition, this "relief provision has been rendered inoperative . . . for Congress has repeatedly barred the Attorney General from using appropriated funds to investigate or act upon relief applications." Logan v. United States, 552 U.S. 23, 28 n.1 (2007). Therefore, any argument by defendant that his civil rights were restored under Virginia law is irrelevant to the question of whether defendant's civil rights were restored under federal law. Any argument or evidence regarding defendant's restoration of rights must be excluded.

Defendant argues nonetheless that 18 U.S.C. § 925(c) remains in force, and that the state of affairs may be changing in the current administration. Defendant points to a "new [proposed] rule, [wherein] the Department of Justice notes the Department anticipates future actions, including rulemaking consistent with applicable law, to give full effect to 18 U.S.C. 925(c)." (DE 62 at 6). Whether 18 U.S.C. § 925(c) may be given effect in the future, however, has no pertinence to the instant case. As defendant acknowledges, at this time no mechanism to restore federal firearm rights exists, and there is no basis on the present record for the court or a jury to make a determination that defendant had his federal firearm rights restored. Therefore, that part of the motion seeking exclusion of evidence or argument by defendant for the purpose of showing that defendant had his federal firearm rights restored is granted, and such evidence or argument is excluded.

4

Defendant also argues that evidence of his "restoration of rights from the government of Virginia" should be admitted because it negates the element of whether he "knowingly belonged to the category of persons with a prior felony conviction." (Def's Resp. (DE 62) at 9). This however, is an improper mistake of law argument, which is not a valid defense. The Supreme Court decided in Rehaif v. United States, 588 U.S. 225 (2019), that "[t]o convict a defendant [under section 922(g)], the Government . . . must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." Id. at 227.

As noted above, section 922(g) lists the "status" elements that form the basis for conviction. Examples of these statuses are: "any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . is illegally or unlawfully in the United States . . . [or] who has been adjudicated as a mental defective or who has been committed to a mental institution." 18 U.S.C. § 922(g). In Rehaif, the defendant argued he did not know his status as someone "illegally or unlawfully in the United States." 588 U.S. at 228.

Before Rehaif, the government did not need to prove knowledge of one's own status. Id. at 228. But in Rehaif, the Supreme Court held "by specifying that a defendant may be convicted only if he knowingly violates § 922(g), Congress intended to require the Government to establish that the defendant knew he violated the material elements of § 922(g)." Id. at 231. The Supreme Court therefore held the government must prove the defendant knew he belonged to the relevant status, there, a person "illegally or unlawfully in the United States." Id. at 227.

The United States Court of Appeals for the Fourth Circuit has rejected a reading of Rehaif that "requires the government to prove not just knowledge of status but also knowledge that this status prohibits firearm possession." United States v. Moody, 2 F.4th 180, 197 (4th Cir. 2021). "[S]uch a holding would improperly elevate the mens rea required for conviction . . . from

knowledge to willfulness." Id. at 197. A knowledge requirement "does not necessarily have any reference to a culpable state of mind or to knowledge of the law . . . unless the text of a statute dictates a different result, the term 'knowingly' merely requires proof of knowledge of the facts that constitute the offense." Id.

The Fourth Circuit in United States v. Collins, 982 F.3d 236 (4th Cir. 2020), also distinguished, on the one hand, an argument "that [the defendant] did not know of his status as a person who had been involuntarily committed [to a mental institution]," from an argument "that he did not know that his commitment prohibited him from possessing a firearm[.]" Id. at 242 n.2 The court rejected the latter because "[t]his is a mistake of law argument, which is not a valid defense." Id.

Defendant's argument thus is like that rejected in Collins, and unlike the argument raised in Rehaif. The "status" at issue in section 922(g)(1) is a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." Defendant acknowledges he falls within this status. (Def's Resp. (DE 62) at 4). Instead, defendant argues "that his sincere, albeit mistaken, belief that his civil rights had been restored by the Commonwealth of Virginia in turn created an ignorance of his status as a member of a category of persons prohibited by law from possessing firearms." (Id. at 10). This is not an argument as to whether defendant knew he was a felon ("status"), but rather an argument as to whether defendant knew his particular felony prohibited him from possessing a firearm ("mistake of law"). Collins, 982 F.3d at 242 n.2.

Defendant contends Rehaif requires "both that the defendant knowingly possessed a firearm and that he knew of his status as a person prohibited from possessing a firearm[,]" not "that defendant Ruth need only have known of his prior felony conviction." (Def's Resp. (DE 62)

6

at 8). The Supreme Court, however, described the question Rehaif presented as whether "the Government must prove that a defendant knew both that he engaged in the relevant conduct (that he possessed a firearm) and also that he fell within the relevant status (that he was a felon, an alien unlawfully in this country, or the like)?" Id. According to Rehaif, defendant must only know he "fell within the relevant status," not whether he knew his status prohibited him from possessing a firearm. Id.; see, e.g., United States v. Benton, 988 F.3d 1231, 1238 (10th Cir. 2021) ("Nowhere in Rehaif does the Court hold that in a prosecution under 18 U.S.C. §§ 922(g) and 924(a)(2), the government must prove the defendant knew his status prohibited him from possessing a firearm."); Moody, 2 F.4th at 197-98 (citing Benton, approvingly).

The Eighth Circuit also addressed nearly this precise question in United States v. Burning Breast, 8 F.4th 808 (8th Cir. 2021). There, the defendant "assert[ed] that he erroneously, but genuinely, believed he no longer qualified as a prohibited person because his gun rights were restored under tribal law." Id. at 814. The court found "because [the defendant's] prior conviction was under federal law, only a restoration of rights under federal law, not tribal law, qualifies[,]" and therefore the defendant's argument was an improper mistake of law claim. Id.

On the critical status element of the offense, Rehaif thus is distinguishable. In Rehaif, the defendant may not have known he was "illegally or unlawfully in the United States," the status element defined in the statute. Rehaif, 588 U.S at 227. Defendant does not argue he did not know of his felon status, rather he argues he did not know the effects of his Virginia civil rights restoration on his felon status. By defendant's reading of Rehaif, the government must show defendant knew both that he was a felon and that he knew Virginia did not restore his firearm rights and chose to possess a firearm anyway. "[S]uch a holding "would improperly elevate the mens rea required for conviction . . . from knowledge to willfulness." Moody, 2 F.4th at 197.

7

Defendant suggests his argument is not an improper mistake of law argument, citing to a passage of Rehaif, where the Supreme Court stated, "where a defendant has a mistaken impression concerning the legal effect of some collateral matter and that mistake results in his misunderstanding the full significance of his conduct." Rehaif, 588 U.S. at 234. Defendant claims his restoration of rights is a "collateral matter" as was Rehaif's immigration status in that case. (Def's Resp. (DE 62) at 7-8).

Rehaif's immigration status and defendant's felon status, however, are not analogous. In Rehaif, the legality of the defendant's immigration status was part of the element of the offense because the statute requires a defendant to be "illegally or unlawfully in the United States" 18 U.S.C. § 922(g). The legal effect of a prior felony conviction is not similarly part of the element of the offense of felon in possession of a firearm. See id. In Rehaif, the court found the defendant's alien status a collateral matter and recognized "mistake of law is a defense if the mistake negates the knowledge . . . required to establish a material element of the offense." Rehaif, 588 U.S. at 234. Accordingly, the Supreme Court held a defendant must know of their illegal immigration status within § 922(g) to be convicted: Even though a defendant's immigration status may be a legal question, lack of knowledge regarding it still negates the "knowledge" element required for the offense. Id. at 235.

Defendant's argument fails because the mistake he claims does not "negate[] the knowledge . . . required to establish a material element of the offense." Id. Because, as shown above, the material element at issue is whether defendant knew he had been convicted of a felony, not whether he knew it was a crime to possess a firearm. See Moody, 2 F.4th at 198 ("The fact that § 922(g)(1) exists and prohibits certain conduct is not collateral . . . It is the prohibition itself. Because § 924(a)(2) does not require willfulness, ignorance of the statutory prohibition itself is

not a defense."); United States v. Gilbert, 430 F.3d 215, 219 (4th Cir. 2005) ("Unlike a mens rea of willfulness, which generally requires a bad purpose, the mens rea of knowledge in most contexts merely requires proof of knowledge of the facts that constitute the offense.").

Defendant further attempts to distinguish Moody, arguing "Moody involved a defendant who merely claimed ignorance of the firearm ban - not one who possessed governmental notice suggesting his rights had been restored like Ruth." (Def's Resp. (DE 62) at 9-10). Once again, however, the "governmental notice" does not negate any material element of the offense. The material element is whether defendant knew he had a felony conviction. Defendant's mistake, no matter how genuine, "is a mistake of law argument, which is not a valid defense." Collins, 982 F.3d at 242 n.2.

Lastly, defendant cites to United States v. Robinson, 982 F.3d 1181 (8th Cir. 2020), which states: "[a]fter Rehaif, it may be that a defendant who genuinely but mistakenly believes that he has had his individual rights restored has a valid defense to a felon-in-possession charge under this provision." Id. at 1186. There, the Eighth Circuit referred to this argument as a "possibility" and did not decide whether it constituted a valid defense after Rehaif. Id. at 1186. The Eighth Circuit determined, even assuming this constituted a valid defense, the defendant's claim failed. Id. The court declines to extend this reading of Rehaif on the basis of the Eighth Circuit opining this may constitute a valid defense. Additionally, the Eighth Circuit decided Burning Breast a year after Robinson and found an argument regarding a restoration of tribal rights to be an improper mistake of law claim. 8 F.4th at 814.

Moreover, defendant has not forecasted evidence here that he genuinely but mistakenly believed he had had his individual firearm rights restored. It is undisputed that the Commonwealth of Virginia only partially restored defendant's civil rights November 17, 2016, limited to a

9

restoration to "vote, hold public office, serve on a jury, and to be a notary public" but the notice "explicitly state[d] that the right to ship, transport, possess or receive firearms, was not restored." (DE 53 at 10). Thus there is no basis to argue that defendant had a genuine belief that his firearm rights were restored.

In any event, the court must ensure that the probative value of any proffered evidence is not "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. As in Moody, the jury here must not consider "whether [defendant] knew that his prior felony conviction prohibited him from owning a firearm." Moody, 2 F.4th at 196. Because defendant's argument is an improper mistake of law defense, the potential probative value of evidence of the restoration of defendant's political rights in Virginia is substantially outweighed by a danger of confusing the issues or misleading the jury. Therefore, such evidence properly is excluded under Federal Rule of Evidence 403.

## CONCLUSION

Based on the foregoing, the government's motion (DE 53) is GRANTED. The court concludes as a matter of law that defendant's prior conviction for possession of a firearm by an unlawful user of controlled substances, in violation of 18 U.S.C. § 922(g)(3), is a conviction for a crime punishable by imprisonment for a term exceeding one year. Defendant also is precluded from arguing or introducing evidence that his firearm rights were restored or that he believed his firearm rights were restored.

SO ORDERED, this the 28th day of October, 2025.

LOUISE W. FLANAGAN
United States District Judge

10

Case 5:24-cr-00236-FL    Document 64    Filed 10/28/25    Page 10 of 10